Dear Representative Farrar:
You have asked this office to determine whether the law prohibits one from holding the part-time local appointive office of waterworks commissioner[1] while serving in the elected office of constable.
The prohibition of law which is of potential concern is applicable only in the instance where one holds local elective office and full-time appointive office, as R.S. 42:63(D) states, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added).
Because the appointive office of water district commissioner is held on a part-time basis, the prohibition of R.S. 42:63(D) is inapplicable. We conclude both positions may be held concurrently. See Attorney General Opinions 02-387 and 02-312.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK/ams
Date Released: May 2, 2003
 Kerry L. Kilpatrick Assistant Attorney General
[1] A water district commissioner holds appointive office pursuant to R.S. 33:3813.
OPINION NUMBER 02-0312
August 21, 2002
78 DUAL OFFICEHOLDING R.S. 42:63(D)
Part-time gravity drainage district commissioner may hold local elective office of constable.
Mr. Brad Bridges 70342 Kennedy Road Kentwood, LA 70444
Dear Mr. Bridges:
In response to your recent inquiry, note that an individual may hold the local elective office of constable while serving as part-time appointed member of a parish gravity drainage board. The prohibition of law which is of potential concern is applicable only in the instance where one holds local elective office and full-time appointive office, as R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
Because the appointive office is held on a part-time basis, the prohibition of R.S. 42:63(D) is inapplicable. We conclude that you may hold elective office as constable in Ward One of Tangipahoa Parish while retaining your position as commissioner for the Tangipahoa Parish Gravity Drainage District Number 5.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: August 21, 2002
OPINION NUMBER 02-0387
October 4, 2002
78 DUAL OFFICEHOLDING R.S. 13:2583(B), R.S. 42:63(D), R.S. 42:62(9)
Elected ward constable may also serve as fire protection district commissioner while holding full-time employment with the parish.
Mr. Ray M. Newton St. Tammany Fire District 12 115 Northpark Boulevard Covington, LA 70433
Dear Mr. Newton:
You ask this office if an individual may legally hold the following positions simultaneously: part-time appointed member of the Board of Commissioners for St. Tammany Fire District 12; elected constable; and full-time, non-civil service employee of St. Tammany Parish. We conclude that Louisiana's Dual Officeholding and Dual Employment Laws, R.S. 42:61,et seq., do not prohibit this arrangement.
The pertinent statutory provision in this matter is R.S. 42:63(D) which states in applicable part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
First, this provision does not prohibit a local elected ward official from holding full-time employment except in the same political subdivision in which he serves as an elected officer. As the political subdivision of a constable is the ward from which he is elected, he is barred only from holding another employment in that political subdivision. R.S. 42:62(9) defines political subdivision as follows:
 (9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The political subdivision of a constable is the ward from which he is elected. See R.S. 13:2583(B). The law does not prohibit him from holding employment in the separate political subdivision of the parish.
Second, R.S. 42:63(D) prohibits an elected official from holding full-time appointive office. Since the appointive office of commissioner is held on a part-time basis, the prohibition is inapplicable.
Again, it is the opinion of this office that dual officeholding concerns are not implicated in these circumstances.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 4, 2002